THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD TRUMBULL, | Case No. C17-00125-RAJ |
| Plaintiff, | |
| v. | **ORDER** |
| AMERICAN SECURITY INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant American Security Insurance Company's Motion for Partial Summary Judgment. Dkt. # 21. Plaintiff Donald Trumbull opposes the Motion. Dkt. # 28. For the reasons that follow, the Court **GRANTS** Defendant's Motion. Dkt. # 21.

## I. BACKGROUND

Plaintiff owns real property at 10210 149th Avenue NE in Granite Falls, Washington (the "Property"). Dkt. # 25 at ¶ 1. In January of 2013, the Property was raided by law enforcement agents as a result of an illegal marijuana grow operation. *Id*. at ¶ 3. On January 23, 2013, the Department of Justice recorded a *lis pendens* against the Property. Dkt. # 25 Ex. 6. The recording of the *lis pendens* did not

ORDER - 1

prohibit Plaintiff from entering the Property. Dkt. # 30 Ex. A. Plaintiff learned of the raid on February 10, 2013. *Id.* At that time, Plaintiff was living in Sagle, Idaho. *Id.* at ¶ 5. After learning of the raid, Plaintiff visited the Property on March 14, 2013, March 21, 2013, and March 22, 2013. *Id*; Dkt. # 30 Ex. B. While on the Property on March 21 and 22, 2013, Plaintiff documented the damage sustained on the Property with photographs and video. Dkt. # 30 Ex. B. On March 23, 2013, Plaintiff received a notification that forfeiture of the Property was being sought in an asset forfeiture action. Dkt. # 25 Ex. 3. On April 17, 2013, Plaintiff submitted a claim to Defendant for damages sustained to the Property as a result of the raid. Dkt. # 22 Ex. 1. Defendant acknowledged the claim and began an investigation. Dkt. # 22 Ex. 2. On April 24, 2013, Plaintiff met with an insurance adjuster at the Property. After Defendant completed its investigation, it issued a claim payment of $8,889.46 on May 20, 2013. Dkt. # 22 Ex. 3.

In August of 2013, Plaintiff was advised that the Property had been burglarized of wiring, copper plumbing, and appliances. Dkt. # 25 at ¶ 12. On August 12, 2013, Plaintiff submitted a second claim to Defendant related to the theft. Dkt. # 22 Ex. 4. At that time, Plaintiff again visited the Property to assess the damage. Dkt. # 25 at ¶ 12. Defendant acknowledged the claim and performed an investigation. Dkt. # 22 Ex. 5. On August 22, 2013, Defendant issued Plaintiff a claim payment of $19,795.60. Dkt. # 22 Ex. 6. On or about September 6, 2013, Plaintiff obtained legal counsel. Plaintiff was advised not to make any changes or repairs to the Property while the forfeiture proceeding was pending. Dkt. # 25 at ¶¶18, 19. At some point later that year, Plaintiff's request for permission to chain and lock the Property's driveway entrance was granted. *Id.* at ¶ 20. During the pendency of the forfeiture proceeding, Plaintiff was not prohibited from obtaining estimates to repair the Property or from entering the Property. Dkt. # 30 Ex. A.

On September 21, 2015, the criminal case related to the illegal marijuana grow operation on the Property settled and the forfeiture proceeding was terminated. Dkt. # 25 at ¶ 22. On October 22, 2015, the U.S. Attorney's Office recorded a release of *lis pendens* from the Property. *Id*. at ¶ 23. A couple of months later, Plaintiff retained a third-party to clean the Property. Dkt. # 25 Ex. 10. Plaintiff was then advised to hire an insurance specialist to prepare an estimate on the repairs. Dkt. # 25 at ¶ 32. On April 22, 2016, the insurance specialist, David Zaborowski, completed his repair estimate of the property. Dkt. # 25 Ex. 16. The estimate came out to $266,044.40. Dkt. # 28 at 9.

On December 30, 2016, Plaintiff filed this action in Snohomish County Superior Court. Dkt. # 1-2. On January 27, 2017, Defendant removed this action to the U.S. District Court of the Western District of Washington. Dkt. # 1. Plaintiff brings state law claims of insurance bad faith, violation of the Washington Consumer Protection Act, and violation of the Washington Insurance Fair Conduct Act ("IFCA").

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp*., 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts

showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

### III. DISCUSSION

An action for bad faith handling of an insurance claim is a tort subject to a three-year statute of limitations. RCW 4.16.090; *Moratti v. Farmers Ins. Co. of Wash.*, 162 Wash. App. 495, 502 (2011). The date of accrual arises when a party has a right to apply to the court for relief. *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 530 (2004). Similarly, IFCA claims are also subject to a three-year statute of limitations. *Ward v. Stonebridge Life Ins. Co.*, No. C13-5092 RBL, 2013 WL 3155347, at \*5 (W.D. Wash. June 21, 2013), *aff'd*, 608 F. App'x 487 (9th Cir. 2015). IFCA claims accrue at the time the insurer extends its allegedly unreasonable settlement offer or unreasonably

denies coverage. *Id*. Defendant's coverage determinations and claim payments to Plaintiff were issued on May 20, 2013 and August 22, 2013. Plaintiff filed this action on December 30, 2016, or three years and seven months after his first claim, and three years and four months after his second claim. Therefore, Plaintiff's bad faith insurance and IFCA claims were filed after the statute of limitations expired and are time-barred.

Plaintiff argues that the Court should apply the "discovery rule" exception to his claims in determining whether they are time-barred. This exception has been applied by courts to claims where "injured parties do not, or cannot, know they have been injured." *Shepard v. Holmes*, 185 Wash. App. 730, 739 (2014) (internal citations omitted). "Where the discovery rule applies, a cause of action accrues when the plaintiff, through the exercise of due diligence, knew or should have known the basis for the cause of action." *Id*. Plaintiff argues that he could not have reasonably been aware of the present causes of action until April 22, 2016, the day after he obtained a repair estimate for the Property. Dkt. # 28 at 8. It is undisputed that Plaintiff had access to his property following the raid and after the alleged theft. It is also undisputed that Plaintiff was not prohibited from entering the Property or obtaining an estimate for the repairs during the pendency of the forefeiture proceedings and after the recording of the *lis pendens*. By his own admission, Plaintiff entered his property on five occasions prior to the termination of the forfeiture proceedings and the release of the *lis pendens*. Had Plaintiff exercised due diligence, he would have known the basis for his claims at any time after he received his claim payments. As such, the application of the discovery rule would not serve to postpone the running of the statute of limitations for Plaintiff's claims.

Plaintiff further argues that he did not know that there was a discrepancy between the repair estimate and his claim payments until 2016 because he was following the advice of counsel. While Plaintiff was advised by counsel not to make any repairs during the pendency of the forfeiture proceedings, he was not prohibited from obtaining

a repair estimate. The discovery rule does not apply to toll the statute of limitations merely because Plaintiff was ignorant of the law. *See Retired Pub. Employees Council of Washington v. State, Dep't of Ret. Sys*., 104 Wash. App. 147, 152, 16 P.3d 65, 68 (2001). Plaintiff's bad faith insurance and IFCA claims were filed after the expiration of the statute of limitations and are time-barred. Defendant's motion for summary judgment of Plaintiff's bad faith insurance and IFCA claims is **GRANTED.** Dkt. # 21.

### IV.　CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment. Dkt. # 21.

Dated this 9th day of August, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge